38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Adolfo JAUREGUI-LOPEZ, Defendant-Appellant.
 No. 92-50663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1994.*
Decided Oct. 11, 1994.
 
 Before: FEINBERG,** SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Francisco Adolfo Jauregui-Lopez appeals his jury conviction for conspiracy to possess cocaine with intent to distribute and possession of approximately 5 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He claims that the prosecutor's cross-examination of witnesses regarding their awareness of his family reputation for drug trafficking constituted misconduct requiring reversal.
 
 
 3
 At trial, the defendant testified that he was accidentally caught up in a drug sale. He testified that he had merely been working at a construction site when he became unwittingly involved in the ongoing illicit transaction. His two co-defendants, who both had pled guilty, testified to the same story. The defendant also called three character witnesses to testify to his honesty and veracity. In cross-examining two of these character witnesses, the prosecutor asked them whether they were aware of Jauregui's reputation for drug trafficking in Los Angeles and whether they were aware that members of his family were involved in drug trafficking. Jauregui's counsel did not object when the questions were asked, but, the next day, he moved for a mistrial. Jauregui appeals the district court's denial of the mistrial motion and the court's subsequent, post-verdict denial of a motion for new trial.
 
 
 4
 Under Federal Rules of Evidence 404(a)(1), if evidence of a pertinent trait of character is offered by an accused it can be rebutted by the prosecution. Here, the defendant introduced evidence of his own honesty from which the jury could reasonably have concluded that Jauregui was not likely to have committed the crime in question. See Michelson v. United States, 335 U.S. 469, 476 (1948); Arizona v. Elmer, 21 F.3d 331, 335 (9th Cir.1994) (quoting Michelson, 335 U.S. at 476). The government therefore was entitled to rebut the defense witnesses' testimony through cross-examination.
 
 
 5
 Appellant also questions the factual foundation for the questions regarding the defendant's family, urging that the questions constituted serious prejudicial misconduct. Under Federal Rule of Evidence 608, a character witness may be presented with specific instances of bad conduct of the defendant for the purpose of inquiring into the bases of the character witness' opinion. Such inquiry may be made only in limited circumstances. The rule states:
 
 
 6
 (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 
 
 7
 Fed.Rule Evid. 608(b).
 
 
 8
 Because a question about another witness' prior bad acts has a prejudicial impact on the jury, the prosecutor may not ask the character witness whether he has heard of specific instances of bad conduct unless the prosecutor has a good faith basis for believing the conduct has occurred. United States v. Nixon, 777 F.2d 958, 970 (5th Cir.1985). In this case, the prosecutor based the question on a statement made by counsel for one of Jauregui's co-defendants. The district court has considerable discretion in evidentiary rulings and in this case the defense made no objection. There was no clear error in the admission of the cross-examination and no justification for a mistrial based upon prosecutorial misconduct. In any event, we agree with the district court that in light of the strength of the government's case against defendant, any alleged error in this respect was harmless.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3